UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **VERIGENT, LLC,** | Civil Action No.: 3:17-cv-187 |
| **Plaintiff,** | **CONSENT ORDER** |
| v. | |
| **MICHAEL SCHIANO,** | |
| **Defendant.** | |

THIS MATTER comes before the Court by way of the parties' joint Motion for Entry of a Consent Order (Doc. No. 32), which has been presented to this Court for entry as a result of the parties' resolution of this lawsuit at mediation. For the reasons stated in the motion, it is GRANTED.

WHEREAS, Plaintiff Verigent, LLC ("Verigent") filed its Complaint on April 6, 2017 against Defendant Michael Schiano ("Schiano") alleging claims for misappropriation of trade secrets, breach of the confidential information non-disclosure and non-solicitation provisions of his Verigent employment agreement, tortious interference with existing and prospective business relations, unfair and deceptive trade practices and unjust enrichment.

WHEREAS, on May 18, 2017 Schiano filed a Motion to Dismiss regarding Verigent's claim for breach of the customer and employee non-solicitation provisions and contending that this claim and Verigent's unjust enrichment claims were duplicative. By Order of November 17, 2017, the Court denied Schiano's Motion to Dismiss without prejudice to reasserting his arguments in a motion for summary judgment or at trial.

WHEREAS, Schiano also filed his Answer on May 18, 2017 denying the material allegations of the Complaint.

WHEREAS, the parties conducted a mediation on December 21, 2017, and reached a full and final settlement which requires the entry of this Consent Order to fully effect the terms of the settlement. The parties therefore hereby request that the Court enter this Consent Order consistent with their settlement agreement.  The parties stipulate and consent to this Consent Order, to its prompt entry by the Court, and to each and every provision, ordered and decreed herein.

WHEREAS, this Consent Order is not intended and shall not be construed as an admission by Schiano of any of Verigent's claims against him in this action, which he continues to deny.

WHEREAS, the parties have consented to this Consent Order simply to resolve disputed claims and to avoid the time, expense, and uncertainty of continuing this lawsuit.

NOW THEREFORE, upon consent of the parties hereto, through their respective undersigned counsel, IT IS ORDERED, ADJUDGED AND DECREED:

1. Schiano will permanently delete or destroy all Verigent and Verigent-derived (for example, Verigent forms and templates that have been used to create new forms and templates for non-Verigent use) electronic or physical data or documents within his possession, custody or control, including but not limited to Proprietary Information and Confidential Information (as those terms are defined in Sections 4 and 5, respectively, of Schiano's "Employment Agreement with Nondisclosure and Nonsolicitation Clauses" attached to the Complaint (Doc. No. 1) as Exhibit 1).  Schiano will verify in a sworn affidavit that the deletion has taken place. Such deletion must include, but not be limited to, Schiano's personal laptop computer which was imaged and forensically analyzed by Reliance Forensics in accordance with the ESI Protocol entered into between the parties.  If it is mutually determined by Verigent and Schiano that Schiano's efforts to permanently delete such information was not effective to permanently delete the same, Schiano

authorizes Reliance Forensics to take whatever forensically sound and industry accepted actions necessary to permanently delete such information from the Schiano's personal laptop computer. Schiano further agrees not to use or disclose any Verigent Proprietary Information or Confidential Information to which he ever had access either as an employee of Verigent or by virtue of having such information in his possession, custody or control after resignation from his employment with Verigent, or to attempt to access any such information to the extent that it resided in cloud-based storage or email accounts.

2. Schiano will not seek or accept employment, or become employed, whether as an officer, director, employee, consultant, or otherwise, to perform services identical to those services that Schiano provided or performed during his employment at Verigent, for or on behalf of Rightech, Inc. (based in Iselin, New Jersey) for a period of one year from December 21, 2017.

3. In the event that there is a breach of the restrictions contained in paragraphs 1 or 2 above, Verigent shall be entitled to seek injunctive relief and monetary damages against Schiano for said breach. The prevailing party in any such legal action shall be entitled to recover from the other party its reasonable attorneys' fees and other litigation expenses, including any reasonable investigative costs. The remedies set forth in this paragraph shall be in addition to any legal or equitable remedies existing at law and shall not be construed as a limitation upon any such remedies.

4. The parties have agreed to the terms of this Consent Order and its entry as a settlement of all claims and defenses asserted in Plaintiff's Complaint and Defendant's Answer. The terms of the parties' mutual release of each other from any and all claims for relief are set forth with more particularity in the parties' separate Settlement Agreement and Mutual Release (the "Settlement Agreement').

5. The parties agree that the entry of this Consent Order concludes this legal action and that the terms of this Consent Order and settlement are fair and reasonable. Consistent with the terms of this Consent Order and the Settlement Agreement, this action, and all claims alleged by Verigent, are hereby DISMISSED WITH PREJUDICE AND WITHOUT COSTS. The Clerk is respectfully directed to CLOSE THE CASE.

6. The parties agree that this Court shall retain jurisdiction over any dispute involving this Consent Order or the Settlement Agreement.

SO ORDERED.

Signed: February 27, 2018

Frank D. Whitney
Chief United States District Judge

*s/G. Bryan Adams, III*
G. Bryan Adams, III (bryan.adams@vradlaw.com)
N.C. Bar No. 17307
VAN HOY, REUTLINGER, ADAMS & DUNN, PLLC
737 East Boulevard
Charlotte, North Carolina 28207
Telephone: 704-375-6022
Fax: 704-375-6024
Attorneys for Plaintiff

*s/Steven J. Whitehead*
Deborah A. Ausburn (dausburn@taylorenglish.com)
Michael Eric Ross (mross@taylorenglish.com)
Steven J. Whitehead (swhitehead@taylorenglish.com)
Taylor English Duma LLP
1600 Parkwood Circle – Suite 400
Atlanta, Georgia 30339
Telephone: 770-434-6868
Fax: 770-434-7376
Attorneys for Defendant